# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSALINDA  CRISPIN,
Appellant,

v.

UNITED STATES POSTAL SERVICE,
Agency.

DOCKET NUMBER
SF-0353-13-0349-I-2

DATE: October 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Nina Paul, San Francisco, California, for the agency.

Rebecca Simon-Pearson, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman<br>Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the agency's alleged denial of her request for restoration following her partial recovery from a compensable injury. Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal contending that she is a partially recovered employee and the agency improperly denied a request for restoration from January 23, 2013, to February 13, 2013, by assigning her to a limited duty position that required her to work beyond her medical restrictions. *Crispin v. U.S. Postal Service*, MSPB Docket No. SF-0353-13-0349-I-1, Initial Appeal File (I-1 IAF), Tab 1. The administrative judge found that the appellant made nonfrivolous allegations of jurisdiction and he convened a hearing, after which he found: (1) the appellant failed to show that she was absent from her position between January 23, 2013, and February 13, 2013, due to a compensable injury; (2) she was partially recovered from her compensable injury and could return to work in a limited capacity; (3) she failed to show that the agency denied a request for restoration; and (4) she failed to show that the agency acted arbitrarily and capriciously by making a limited duty offer that was so unreasonable as to amount to a denial of restoration. *Crispin v. U.S. Postal Service*, MSPB Docket No. SF-0353-13-0349-I-2, Initial Appeal File, Tab 9, Initial Decision (ID) at 22-29. He dismissed the appeal for lack of jurisdiction. ID at 2, 29.

¶3        To establish jurisdiction over a restoration appeal as a partially recovered individual, an appellant must prove by preponderant evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).[2] Partially recovered employees may not appeal an improper restoration to the Board; they only may appeal to the Board for a determination of whether the agency acted arbitrarily and capriciously in denying restoration. *See, e.g.*, *Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992); *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000).    Under appropriate circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction.  *Jones*, 86 M.S.P.R. 464, ¶ 5.  For example, a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored.  *Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001).  However, a dispute about the details and circumstances of a restoration actually accomplished are outside the Board's jurisdiction. *Latham*, 117 M.S.P.R. 400, ¶ 34.

¶4        At issue in this appeal is the appellant's February 2012 shoulder injury, which was found to be compensable by the Office of Workers' Compensation Programs (OWCP).  Both the appellant's physician and a physician who provided a second medical opinion requested by OWCP indicated that the appellant's

---

[2] *Bledsoe* and *Latham* both apply the "preponderant evidence" standard rather than the new "nonfrivolous allegation" standard.  The new standard applies only in cases filed on or after March 30, 2015, 80 Fed. Reg. 4489-01, 4489-01 (Jan. 28, 2015) (codified at 5 C.F.R. § 1201.57), and is therefore inapplicable in this appeal.

condition limited her to reaching above the shoulder no more than 2 hours per day. I-1 IAF, Tab 9 at 29, Tab 46 at 49, 53, 55. The appellant contends that, regardless of the literal terms of the limited duty offer, the actual duties of the position required her to reach above her shoulder more than 2 hours per day.

¶5    After considering the evidence of record, including the testimony of the various witnesses at the hearing, the administrative judge determined that the agency's witnesses were credible, whereas the appellant's witnesses were not. Based on his credibility determinations, the administrative judge found that the appellant failed to prove that the duties of the position required her to reach above the shoulder more than 2 hours per day. He concluded that the duties of the position were within the appellant's medical restrictions and the appellant therefore failed to prove that the agency denied a request for restoration or that the offered position was so unreasonable as to amount to a denial of restoration.

¶6    On review, the appellant disputes the administrative judge's credibility determinations. Where, as here, an administrative judge's credibility determinations are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, the Board must give those determinations deference and may overturn them only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the appellant disagrees with the administrative judge's assessment of the witnesses' credibility, she does not proffer a "sufficiently sound" reason for us to disturb them, and we decline to do so. We find, therefore, that the appellant has failed to present specific, independent evidence corroborating her claim that the position required her to work outside her medical restrictions and was so unreasonable as to amount to a denial of restoration. *Scott v. U.S. Postal* Service, 59 M.S.P.R. 245, 248-49 (1993).

¶7    Finally, the appellant argues for the first time on review that the agency's Employee and Labor Relations Manual requires the agency to take concurrent noncompensable medical conditions into account when fashioning a limited duty

job offer.  Petition for Review File, Tab 3 at 5-6.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](), 271 (1980).  The appellant has not explained why she could not have made this argument before the administrative judge.  Moreover, the argument is not relevant to the issue of whether the appellant's position required her to reach above her shoulder more than 2 hours per day.  Therefore, the argument is neither new nor material to the outcome of this appeal.  *See Banks*, 4 M.S.P.R. at 271; *Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶8        In light of our disposition of this appeal, we need not decide whether the administrative judge correctly found that the appellant failed to show that she was absent from her position due to a compensable injury.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] The administrative judge afforded the appellant mixed-case review rights.  ID at 33-34.  However, in the absence of Board jurisdiction, this is not a mixed case.  We have provided the appellant the proper review rights here.  *See, e.g.*, *Axsom v. Department of Veterans Affairs*, [110 M.S.P.R. 605]() (2009).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.