# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TARA T. FOSTER,
> Appellant,

v.

UNITED STATES POSTAL SERVICE,
> Agency.

DOCKET NUMBER
DA-0353-15-0025-I-1

DATE: February 25, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Valente, Mastic Beach, New York, for the appellant.

Yvette K. Bradley, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is a City Carrier for the agency who suffered a compensable injury on October 22, 2013. Initial Appeal File (IAF), Tab 5 at 25, 51. On October 25, 2013, the appellant returned to work part time without a formal limited duty assignment. Hearing Compact Disc (HCD) (testimony of the appellant). On February 11, 2014, the appellant accepted an 8-hour per day limited duty assignment. IAF, Tab 5 at 43. It appears that she worked in this capacity until July 2014, when she was awarded a new bid assignment pending medical qualification and transferred to a new facility. IAF, Tab 8, Exhibit (Ex.) 10 at 3; HCD (testimony of Manager of Customer Services) (testimony of the appellant).

¶3 On October 5, 2014, the appellant filed the instant Board appeal, alleging that the agency denied her restoration. IAF, Tab 1. After a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to prove by preponderant evidence that the agency denied her restoration, or that any such denial was arbitrary and capricious. IAF, Tab 21, Initial Decision (ID) at 10-11.

¶4 The appellant has filed a petition for review, arguing that the agency's limited duty job offers were outside her medical restrictions, Petition for Review

(PFR) File, Tab 1 at 7-10, 11-12, and the agency failed to perform an adequate search for work, *id*. at 10-11. The agency has filed a response. PFR File, Tab 3.

¶5 It is undisputed that the appellant is a "partially recovered" individual within the meaning of 5 C.F.R. § 353.304(c). To establish jurisdiction over her appeal under that section, the appellant must prove by preponderant evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.[2] *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).

¶6 In this case, we agree with the administrative judge that the appellant failed to prove by preponderant evidence that the agency denied her restoration. ID at 10-11. We find that this appeal is best viewed as involving four distinct time periods. The first period began on October 25, 2013, when the appellant first returned to work after her injury and was apparently released to work full time, and ended on November 11, 2013, when the appellant was restricted to part-time work. IAF, Tab 5 at 35, 38. We find that the agency did not afford the appellant full-time work during this period, and that under some circumstances this might constitute a denial of restoration for purposes of Board jurisdiction. *See, e.g.*, *Boutin v. U.S. Postal Service*, 115 M.S.P.R. 241, ¶ 13 (2010); *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶ 14 (2010). However, this time period lasted only until November 11, 2013, when the appellant's doctor recommended that she continue working part time. IAF, Tab 5 at 37. As explained below, we find

---

[2] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304. 5 C.F.R. § 1201.57(a)(4) (2015). The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after March 30, 2015. 80 Fed. Reg. 4489, 4489 (Jan. 28, 2015).

insufficient evidence to conclude that the appellant was denied restoration on November 11, 2013, or any time thereafter. Thus, we find that the agency's provision of less than full-time work for approximately 2 weeks between October 25, 2013 and November 11, 2013, constituted at most a brief delay in restoration rather than a denial of restoration. *Cf. Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶ 11 (2010) (explaining that a delay in restoring an employee to duty may amount to a denial of restoration if the delay is extreme and unexplained), *overruled on other grounds by Latham*, 117 M.S.P.R. 400, ¶ 9.

¶7 The second time period is from November 11, 2013 to February 9, 2014. During this 3-month period, the appellant was released to work part time, first for 2 hours per day, and later for 4 hours per day. IAF, Tab 5 at 31-34, 36-37. It appears to be undisputed that the agency provided the appellant at least some work to perform each day during this time period. HCD (testimony of the appellant). Although the record contains numerous requests for notification of absence showing that the appellant took some leave almost every day because there was "no work available" for her, this documentation generally does not show how many hours of leave that the appellant took each day. IAF, Tab 7 at 14-79. We therefore find that the appellant failed to provide sufficient information for us to conclude that the agency denied her restoration by failing to afford her the full allotment of part-time work that she requested between November 11, 2013 and February 9, 2014.

¶8 The third time period is from February 10, 2014, to an unspecified date in July, 2014, when the appellant transferred to a different facility pursuant to her bid award. On February 10, 2014, the appellant's physician released her to work full time with restrictions, and the very next day, the agency offered her a full-time limited duty assignment, which the appellant's doctor approved as being within her medical restrictions. IAF, Tab 5 at 30, 43; HCD (testimony of the appellant). Despite having this full-time limited duty assignment, the appellant continued to take some amount of leave almost every day, with the requests for

notification of absence often citing the reason "no work available." IAF, Tab 7 at 80-202. The record does not adequately explain the appellant's need to take this type of leave on a daily basis in light of her having a full-time limited duty assignment within her medical restrictions and a release to do full-time work. IAF, Tab 5 at 27-30, 43, Tab 8, Ex. 2 at 8-9, 14. The appellant generally testified that her supervisor would send her home for the day when she expressed her inability to perform certain tasks. HCD. In contrast, the Manager of Customer Services testified that the appellant was extremely difficult and would "cherry-pick" the tasks that she was willing to perform. HCD. Because the record does not reveal exactly what tasks the appellant was refusing to perform that caused her tours of duty to be cut short, we cannot conclude that they were outside her medical restrictions. In the face of an apparently proper limited duty assignment in effect during this time, the appellant's vague testimony does not establish that the agency effectively denied her restoration by assigning her duties outside her medical restrictions. *Cf. Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001).

¶9 The fourth time period begins sometime in July 2014, after the appellant transferred to the new facility. After her transfer, the appellant was still released to work full time with restrictions, but was eventually restricted to part-time work again. IAF, Tab 5 at 26, Tab 8, Tab 8, Ex. 2 at 16-17. The record is poorly-developed regarding this time period. It is not clear exactly when the appellant transferred to the new facility, what duties the appellant was performing during that time, or why she continued to take leave on a daily basis even while she was cleared for full-time work. IAF, Tab 1 at 179- 257. In any event, the appellant has made no specific complaints about this time period, and expressed that she was generally satisfied with the work that she was being provided at the new facility. HCD (testimony of the appellant). The appellant has not shown that she was denied restoration during this time period.

¶10     Turning to the appellant's petition for review, we find immaterial her argument that the December 9, 2013 and December 16, 2013 job offers were outside her medical restrictions.   PFR File, Tab 1 at 7-10; IAF, Tab 5 at 47, 49. As explained above, we agree with the administrative judge that the agency provided the appellant work throughout the November to February time period notwithstanding the absence of a formal limited duty assignment.  *Supra* ¶ 7; ID at 10.   The fact that the appellant spent this time period working on an ad hoc basis rather than under a formal limited duty assignment is immaterial to the jurisdictional issue because it pertains to the details and circumstances of the restoration rather than to a denial of restoration.  *See Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992) (discussing that matters pertaining to the details and circumstances of a restoration actually accomplished are outside the Board's 5 C.F.R. § 353.304(c) jurisdiction); *Bolton v. U.S. Postal Service*, 115 M.S.P.R. 230, ¶ 10 (2010) (same).

¶11     The appellant also argues that the agency failed to offer her a full 8 hours of work (presumably in the February to July time period), and that the work she allegedly "refused to perform" was not within her medical restrictions.  PFR File, Tab 1 at 11.   The appellant argues that the record was insufficient for the administrative judge to conclude that the work offered was within her medical restrictions because there is no evidence of what specific work she was offered. *Id*. at 11-12.   This argument does not help the appellant's case because it is her burden—not the agency's—to establish jurisdiction over this appeal.  *See Latham*, 117 M.S.P.R. 400, ¶ 10.   To the extent that the record was not sufficiently developed for the administrative judge to determine whether the work that the appellant refused was within her medical restrictions, the appellant failed to carry her burden.  As explained above, we find nothing in the record to indicate that the agency failed to offer the appellant 8 hours of work per day within her medical limitations from February 11 through July 2014.  *Supra* ¶ 8.

¶12     Finally, the appellant argues that the agency failed to search the local commuting area for work. PFR File, Tab 1 at 10-11. We agree with the administrative judge, however, that the appellant failed to show that the agency was required to conduct such a search because she failed to show that the agency denied her restoration at her local duty station. ID at 10-11.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.