# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARY H. NARANJO, | DOCKET NUMBER |
| Appellant, | SF-0353-15-0263-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 1, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Tuyet T. Nguyen</u>, Esquire, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction after a hearing. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In this restoration appeal, the appellant, a clerk at the agency's La Habra, California Post Office, alleged that the agency failed to restore her to duty following her partial recovery from a compensable injury. Initial Appeal File (IAF), Tab 1. After giving the appellant notice of the elements and burdens of establishing jurisdiction over the restoration claim of a partially recovered employee, the administrative judge found that the appellant made nonfrivolous allegations sufficient to hold a hearing, following which she granted the agency's motion to dismiss the appeal for lack of jurisdiction because the appellant failed to establish by preponderant evidence that the agency's failure to restore her to duty was arbitrary and capricious. IAF, Tab 12; IAF, Tab 50, Initial Decision (ID).[2]

¶3 To establish jurisdiction over a restoration appeal as a partially recovered individual, an appellant must prove by preponderant evidence that: (1) she was

---

[2] Because the administrative judge dismissed the appeal for lack of jurisdiction, she did not address the agency's motion to dismiss the appeal as untimely filed. ID at 1 n.1; IAF, Tab 8 at 9-10. Because we affirm the initial decision herein, we also decline to address the timeliness of the appeal.

absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).[3]

¶4    Partially recovered employees may not appeal an improper restoration to the Board; they may only appeal to the Board for a determination of whether the agency acted arbitrarily and capriciously in denying restoration. *See, e.g.*, *Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992); *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000). Under appropriate circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. *Jones*, 86 M.S.P.R. 464, ¶ 5. For example, a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored. *Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001). However, a dispute about the details and circumstances of a restoration actually accomplished are outside the Board's jurisdiction. *Latham*, 117 M.S.P.R. 400, ¶ 34.

¶5    The record reflects that the appellant suffered what appeared to be a stroke at work on March 21, 2014, and she subsequently presented doctors' notes placing her off work until April 21, 2014. IAF, Tab 8 at 43, 54-56, 62-63. On April 16, 2014 she requested light duty, which the agency denied because it found no work within her medical restrictions, under which she was unable to use her left arm and shoulder, and to reach above her shoulder. *Id.* at 58-60. The

---

[3] *Bledsoe* and *Latham* both apply the "preponderant evidence" standard rather than the new "nonfrivolous allegation" standard. The new standard applies only in cases filed on or after March 30, 2015, 80 Fed. Reg. 4489-01, 4489-01 (Jan. 28, 2015) (codified at 5 C.F.R. § 1201.57), and is therefore inapplicable in this appeal.

appellant subsequently filed a claim with the Office of Workers' Compensation Programs (OWCP), *id.* at 55-56, and, in a September 12, 2014 letter, OWCP accepted the appellant's injury claim with an incident date of March 21, 2014, IAF, Tab 16 at 25-30. In October 2014, OWCP determined that the appellant was entitled to compensation beginning June 26, 2014. IAF, Tab 8 at 41-42. The agency subsequently offered the appellant a modified window clerk position, which she accepted under protest. *Id.* at 47-48. She then filed the instant restoration appeal. IAF, Tab 1.

¶6    The administrative judge found that the appellant met the first two *Latham* criteria, in that she was absent from her position due to a compensable injury as of the day that the OWCP accepted her claim for compensation, June 26, 2014, and that by September 18, 2014, she had recovered sufficiently to return to duty on either a part-time basis or in a position with less demanding physical requirements than previously required. ID at 6; *Latham*, 117 M.S.P.R. 400, ¶ 10. Relying on the timeline to which the appellant testified at the hearing, the administrative judge found that following OWCP's acceptance of her claim, the appellant went to the La Habra Post Office on September 30, 2014, to submit her CA-17 duty status report and to ask the Officer in Charge (OIC) if there were any jobs available for her; on October 7, the appellant's supervisor notified her of a job offer, which the appellant accepted under protest and started on October 11 because of medical appointments scheduled for October 8 and 10. ID at 7; IAF, Tab 8 at 47-50.

¶7    Regarding the third *Latham* element—whether the appellant requested restoration—the record reflects that she first asked to return to work in an April 2014 light duty request, which, as noted above, the agency denied because it had no work available within her restrictions. IAF, Tab 8 at 58, 60. The appellant subsequently submitted numerous CA-17 duty status reports showing an ability to resume work, but because she also submitted a leave request with each one, and made no further light duty requests, the administrative judge found that

the OIC "believed the appellant was presenting the forms to support her continued absence from work." ID at 6-10. The administrative judge found that the appellant was not absent due to a compensable injury until June 26, 2014, the date OWCP accepted her claim, and that the agency therefore had no obligation to restore her prior to that date. ID at 5. Because the agency did not learn of OWCP's award of compensation until September 18, the administrative judge further found that the agency did not unreasonably deny the appellant's request for restoration before that date or delay any search for work from June 26 to September 18, 2014.[4] ID at 5. Although it was not clear when the OIC actually learned that the appellant's injury was compensable, the administrative judge credited the appellant's assertion that, following the OWCP's award of compensation, she first requested restoration on September 30, 2014, establishing the third *Latham* element. ID at 12. Nevertheless, the administrative judge found that the appellant failed to establish the fourth *Latham* element because she determined that the agency acted promptly to restore the appellant to duty after the OIC received notice of the appellant's OWCP compensation award. ID at 12. The administrative judge also rejected the appellant's claim that the agency failed to fully restore her in the limited-duty assignment she accepted under protest, finding that the appellant failed to allege any facts that would establish that her restoration was so unreasonable as to amount to an arbitrary and capricious denial of restoration. ID at 12.

---

[4] The administrative judge also found that, even if the agency had an obligation to search for work during the time between the date OWCP accepted the appellant's claim, June 26, 2014, and the date on which OWCP awarded her compensation, September 18, 2014, it was not arbitrary and capricious for it to forgo searching during that period because it reasonably expected to receive a favorable suitability rating from OWCP. ID at 5-6 (citing *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 10 (2013)).

¶8    In her timely filed petition for review,[5] the appellant argues that the record does not indicate that the administrative judge reviewed all the evidence in making her decision. Petition for Review (PFR) File, Tab 3 at 5-6. The appellant also argues that the administrative judge made "improper determinations" regarding the availability of limited-duty assignments at the Los Angeles Call Center (LACC) and the agency's failure to accommodate her, reiterating that her April 2014 light-duty requests put the agency on notice that she wanted to return to work. *Id.* at 6-7. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 5.

¶9    Although the appellant asserts that the administrative judge failed to review or consider all of the pleadings, she does not identify which of those pleadings the administrative judge neglected in her review of the evidence. PFR File, Tab 1 at 5-6. Nevertheless, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Similarly, the appellant fails to describe why the administrative judge's determination that she was ineligible for limited-duty assignments at the LACC was incorrect. PFR File, Tab 1 at 6-7; ID at 12-13. Moreover, as the following discussion indicates, we find no reason to disturb the administrative judge's conclusions because the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶10   On the merits of the appellant's restoration claim, we agree with the administrative judge that the appellant established the first two jurisdictional

---

[5] The record reflects that the appellant requested, and the Clerk of the Board granted, an extension of time to file her petition for review, which the appellant filed before the new deadline. Petition for Review File, Tabs 1-3.

elements, that she was absent from her position due to a compensable injury and that she recovered sufficiently to return to duty with less demanding physical requirements. ID at 5-6. We also agree with the administrative judge that the first time that the appellant requested restoration following OWCP's acceptance of her March 21, 2014 injury was on September 30, 2014, when she went to the La Habra Post Office and spoke with the OIC. ID at 7. The appellant challenges this finding in her petition for review, arguing that she requested restoration in "April 2014 and ongoing" by contacting the agency "in person, via telephone, and through her union representative." PFR File, Tab 1 at 6.[6]

¶11     The administrative judge found that the appellant's account of her purported requests did not establish that she requested to be returned to work and instead indicated that her submissions comprised support for her continued absence from work. ID at 6-7, 11. The administrative judge's determination is consistent with hearing testimony she cited that the OIC understood that the appellant had submitted "documentation 'putting her off work,'" rather than a request to return to work. ID at 8, 10. Furthermore, the administrative judge found a significant credibility gap in the appellant's sworn declaration regarding her purported restoration requests in that the Postmaster whom the appellant swore that the OIC consulted in order to find out whether any jobs were available within the appellant's medical restrictions did not even work at the La Habra Post Office, and did not speak with the OIC or the appellant's supervisor, during the time of the events the appellant recounted. ID at 11. Thus, we agree with the

---

[6] The appellant also describes the agency's denial of her light-duty requests, i.e, those made in April 2014, which occurred before OWCP accepted her injury as compensable and during a period for which OWCP did not award her compensation, as a failure to accommodate. PFR File, Tab 1 at 6-7. However, the administrative judge found that the appellant did not request accommodation prior to October 8, 2014. ID at 9. Nevertheless, as we have noted, the agency did not have any work within the appellant's significant medical restrictions when she made those April 2014 light-duty requests, and the appellant identifies nothing on review that would cast doubt on the administrative judge's findings in this regard.

administrative judge that the appellant failed to establish by preponderant evidence that she requested restoration prior to September 30, 2014. Although the appellant does not contest the point on review, we also agree with the administrative judge that the agency did not unreasonably delay its response to the appellant's request, but instead acted promptly, making the appellant an offer within 9 days of her request. ID at 11-12. Moreover, as the administrative judge found, the limited-duty assignment the appellant accepted did not require her to work outside of her medical restrictions and was therefore not so unreasonable as to amount to an arbitrary and capricious denial of restoration. ID at 12. Accordingly, we agree with the administrative judge's determination that the appellant failed to establish jurisdiction over her claim that the agency violated her restoration rights as a partially recovered individual.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.