UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
2016 MSPB 21

Docket No. SF-0353-15-0511-I-1

**Doreen K. Kingsley,**

**Appellant,**

v.

**United States Postal Service,**

**Agency.**

May 25, 2016

Guillermo Mojarro, Upland, California, for the appellant.

Rebecca Simon-Pearson, Esquire, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant petitions for review of an initial decision that denied her restoration appeal. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED regarding the basis for denying the appellant's discrimination claims.

## BACKGROUND

¶2      The appellant was employed by the agency as a City Carrier. Initial Appeal File (IAF), Tab 8 at 100. She suffered multiple compensable injuries between March 9, 2005, and March 2, 2012. IAF, Tab 30 at 10, Tab 40 at 10-23. On March 14, 2012, the agency gave her a limited-duty assignment as a modified

Letter Carrier within her medical restrictions at the Corona Post Office in Corona, California. IAF, Tab 30 at 10-12. However, in June 2012, her medical restrictions increased. *Compare id.* at 10 (reflecting the appellant's medical restrictions as of March 2012 as 2 hours of simple grasping and 2 hours of lifting not to exceed 10 pounds), *with* IAF, Tab 41 at 8 (reflecting the appellant's June 22, 2012 restrictions as lifting up to 10 pounds, 4 hours of sitting, 6 hours of standing, 4 hours of walking, 1 hour of climbing, 1 hour of kneeling, and no stooping, pushing, or pulling, with the necessary use of a cane).[1] The agency searched the relevant 50-mile commuting area, but was unable to locate any work within her new restrictions. IAF, Tab 41 at 8-11, 19-87. On August 2, 2012, the agency advised the appellant of the lack of available work and sent her home. *Id.* at 10. The appellant provided new medical restrictions in November 2012. IAF, Tab 30 at 15 (reflecting the appellant's November 7, 2012 restrictions as 10 pounds of lifting intermittently, 4 hours of sitting, 2 hours of standing or walking, 1 to 2 hours of twisting, and no climbing, kneeling, pushing, or pulling). In December 2012, the agency searched for work within the appellant's facility that she could perform within the November 2012 restrictions, but was unsuccessful in finding any. *Id.* However, the agency subsequently expanded its search, and, in January 2013, the agency located a rehabilitation position for the appellant as a Customer Care Agent at the Los Angeles Customer Care Center (CCC). IAF, Tab 30 at 17; Hearing Compact Disc (HCD) (testimony of C.C.). She served in this position from March 2013 until her removal in March 2015.[2] IAF, Tab 8 at 58-61, 96.

---

[1] The appellant submitted three sets of restrictions in June 2012, each one corresponding to a different compensable injury. IAF, Tab 41 at 8. The specific restrictions varied, but were all similarly severe. *Id.*

[2] The appellant's removal is not at issue in this appeal. IAF, Tab 19 at 1. Therefore, we do not address it further.

¶3　　　　The appellant filed this appeal, alleging that her removal was improper. IAF, Tab 1 at 4. She also claimed that the agency denied her restoration following her removal. *Id.* She alleged disability and age discrimination. IAF, Tab 1 at 4, Tab 24 at 4. As to disability discrimination, she claimed both that the agency denied her reasonable accommodation and that its actions were motivated by her disability. *Id.* at 6-8.

¶4　　　　The agency filed a motion to dismiss the appeal. IAF, Tab 8 at 7-8, 13-26. In pertinent part, the agency argued that the appellant was not a U.S. Postal Service employee with the right to appeal her removal because she was not a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. *Id.* at 13-14; *see Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996) (discussing these jurisdictional requirements for chapter 75 appeals filed by U.S. Postal Service employees). After the appellant responded to this motion, the administrative judge held a status conference and then issued a written status conference order, in which she clarified with the parties that the appellant was not appealing her removal. IAF, Tab 9, Tab 19 at 1. She also found that the appellant had a made a nonfrivolous allegation that the agency denied her request for restoration. *Id.* at 1-2. The administrative judge advised the parties that they should focus on the timeframe between June 2012, when the appellant alleged she first sought restoration, and March 2013, when she was appointed to a position at the CCC. IAF, Tab 19 at 1-2.

¶5　　　　In a written prehearing conference order, the administrative judge again identified the June 2012 to March 2013 timeframe as the relevant period for purposes of the appellant's restoration claim. IAF, Tab 37 at 3. Both in the status and prehearing conference orders, the administrative judge provided the parties with deadlines to object and advised that objections received after the deadlines would be "deemed waived." IAF, Tab 19 at 6, Tab 37 at 6. The appellant objected to portions of both of the orders, but did not challenge the

restoration timeframe identified by the administrative judge. IAF, Tabs 22, 42. In fact, the appellant agreed with the administrative judge that her discovery requests "should be limited to the referenced time frames." IAF, Tab 19 at 2, Tab 22 at 4.

¶6 After holding a hearing, the administrative judge found that the agency had denied the appellant restoration in July 2012, but, because it conducted adequate searches in the relevant commuting area for available work within her medical restrictions and found no vacant position for which she was qualified, the denial was not arbitrary and capricious. IAF, Tab 50, Initial Decision (ID) at 9-10. The administrative judge also rejected the appellant's claim that her rehabilitation position at the CCC was so unreasonable that it was effectively a denial of restoration. ID at 10-11. She reasoned that the agency offered to modify the position to meet the appellant's medical restrictions and that she agreed to give the position a try. ID at 10. Based on her finding that the appellant failed to show that the agency's denial of her restoration requests was arbitrary and capricious, the administrative judge denied the appellant's request for corrective action. ID at 11, 13.

¶7 The administrative judge also denied the appellant's reasonable accommodation claim. She found that the appellant met the definition of an individual with a disability but that she had failed to articulate a reasonable accommodation under which she could perform the essential functions of a position to which she could be reassigned. ID at 11-12. Although the appellant identified an Address Management System Technician position for which she alleged she was qualified, the administrative judge found that the agency could not assign the appellant to this bid position without violating the applicable collective bargaining agreement. ID at 10, 12; IAF, Tab 24 at 6; HCD (testimony of the appellant). The administrative judge similarly rejected the appellant's claims of disparate treatment based on age and disability, finding that she failed

to identify any comparator whose employment situation was sufficiently similar and who was treated more favorably. ID at 12-13.

¶8        In her petition for review, the appellant contends that the administrative judge erred in rejecting her restoration and reasonable accommodation claims, arguing that the agency required her to sit or stand for longer than her medical restrictions allowed. Petition for Review (PFR) File, Tab 3 at 4-5. She also contends that the record does not reflect that the administrative judge considered all of the pleadings in making her decision. *Id.* at 5. Finally, the appellant alleges that the administrative judge erred in denying her motion to compel discovery. *Id.* The agency has responded to the petition for review. PFR File, Tab 5.

## ANALYSIS

¶9        The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 6 (2012); 5 C.F.R. § 353.301. Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements."[3] 5 C.F.R. § 353.102.

---

[3] The administrative judge found, and the parties do not dispute, that the appellant was a partially recovered employee. ID at 6; IAF, Tab 6 at 4, Tab 8 at 18-19.

¶10     OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d).   The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious.  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011); 5 C.F.R. § 353.304(c).   Until recently, an appellant alleging a denial of restoration was required to prove Board jurisdiction by preponderant evidence.  *Bledsoe*, 659 F.3d at 1102, 1103-04 (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1330, 1335-37, 1340, 1344 (Fed. Cir. 2006) (en banc)); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012).   However, the Board issued a new regulation effective March 30, 2015, that adopted a nonfrivolous allegation standard for restoration appeals.[4]   Practices and Procedures, 80 Fed. Reg. 4,489, 4,496 (Jan. 28, 2015) (codified in pertinent part at 5 C.F.R. § 1201.57(a)(4), (b)); Practices and Procedures, 79 Fed. Reg. 18,658, 18,659-61 (Apr. 3, 2014); *see Garcia*, 437 F.3d at 1338, 1343 (indicating that the Board may adopt a nonfrivolous allegation standard for an appeal by changing its regulations on jurisdiction in accordance with notice and comment rulemaking procedures). Because the appellant filed her Board appeal after the March 30, 2015 effective date of that new regulation, she was required only to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits.   5 C.F.R. § 1201.57(a)(4), (b); IAF, Tab 1.

¶11     Thus, to establish jurisdiction over her claim that she was denied restoration as a partially recovered employee, the appellant was required to make

---

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious. *Latham*, 117 M.S.P.R. 400, ¶ 10; 5 C.F.R. § 1201.57(a)(4), (b).   The record reflects that the administrative judge correctly applied the Board's new jurisdictional regulation in this matter, finding that the appellant made nonfrivolous allegations of jurisdiction sufficient to entitle her to a hearing on the merits of her restoration claim.   IAF, Tab 19 at 2; ID at 6; 5 C.F.R. § 1201.57(a)(4), (b).

¶12      An appellant must prove the merits of her restoration claim by a preponderance of the evidence.[5]   5 C.F.R. § 1201.57(c)(4).   After holding the hearing, the administrative judge found it undisputed that the appellant satisfied the first two elements of her claim, i.e., that she was both absent from her official position due to a compensable injury and that she was able to return to duty in a position with less demanding physical requirements.   ID at 7.   Based on the agency's searches for work within the appellant's restrictions, the administrative judge determined that the appellant had requested restoration and found that the agency had denied her requests, satisfying the third element.   ID at 8-9.   On the fourth element, the administrative judge determined that the agency conducted adequate searches for vacant positions within the appellant's medical restrictions. ID at 9; *see Latham*, 117 M.S.P.R. 400, ¶ 12 (observing that, at a minimum, an agency must conduct a commuting area search for vacant positions to which it can restore a partially recovered employee).   The appellant does not challenge this

---

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

finding on review. Instead, she appears to reassert her argument that the CCC position that the agency offered her in January 2013 was so unreasonable as to amount to a denial of restoration. PFR File, Tab 3 at 4-5; IAF, Tab 6 at 28, 30.

¶13 A partially recovered employee "may not appeal the details or circumstances of her restoration"; she may appeal to the Board only for a determination of whether the agency acted arbitrarily and capriciously in denying restoration. *Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992); 5 C.F.R. § 353.304(c). Nevertheless, under certain circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000). For example, a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored. *Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001). We agree with the administrative judge that the offer of the CCC position was not an effective denial of restoration. ID at 10.

¶14 The appellant testified that, when she first arrived at the CCC, the manager allowed injured employees like her to get up to stretch and walk around the cubicles but that changed such that the position no longer met her medical restrictions. HCD (testimony of the appellant). Similarly, on petition for review, the appellant contends that the CCC position was not within her medical restrictions and constituted a "failure to properly reinstate" her. PFR File, Tab 3 at 4-5. Both in the status and prehearing conference orders, the administrative judge limited the scope of this restoration appeal to the period from June 2012 through the appellant's placement in the CCC position on March 11, 2013. IAF, Tab 19 at 1-2, Tab 37 at 3-4. The appellant failed to object to this scope, despite being provided the opportunity to do so. IAF, Tab 19 at 6, Tab 37 at 6. Because this claim concerns the period after she began the CCC position in March 2013, we decline to adjudicate for the first time on review the agency's actions after the

appellant began working in the position. *See Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 635 (1992) (finding that the appellant's failure to object to the exclusion of an issue in response to an order allowing him to do so prevents him from raising the issue on review). Further, although the appellant originally claimed a denial of restoration following her removal in March 2015, she did not preserve this claim below and has not raised it on review. *See id.* Therefore, we also decline to address the appellant's claims regarding the agency's actions after her removal. Petition for Review (PFR) File, Tab 3 at 4-5.[6]

---

[6] On review, the appellant summarily states that the administrative judge's denial of her disparate treatment claims was legal error. PFR File, Tab 3 at 5. This statement, without more, is insufficient to warrant review. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (observing that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam). Shortly before the initial decision was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes Title VII claims. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015). We find that applying the analytical framework in *Savage* would not change the result in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's finding that the appellant did not meet her burden of proving these claims.

The administrative judge also found that the appellant failed to establish her claim that she was denied reasonable accommodation during the period at issue in this appeal, and the appellant does not challenge this finding on review. ID at 12-13. The administrative judge found, in pertinent part, that the agency was not required to assign the appellant to the Address Management System Technician position because doing so would have violated a collective bargaining agreement. ID at 12; HCD (testimony of the appellant). We previously have found that an accommodation that would violate a collectively bargained seniority system is generally unreasonable unless the appellant can show that "special circumstances" exist. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 15 (2013). The appellant did not identify any special circumstances. HCD (testimony of the appellant). We therefore affirm the administrative judge's denial of the appellant's reasonable accommodation claim. However, we modify this finding to eliminate the reference to the appellant's failure to prove her "prima facie" case. ID at 12; *see Savage,* 122 M.S.P.R. 612, ¶ 46.

¶15 The appellant further argues that the administrative judge failed to consider all of the evidence in this appeal. PFR File, Tab 3 at 5. However, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *E.g.*, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, the appellant has not identified any particular evidence that the administrative judge may have overlooked that might affect the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

¶16 Similarly, the appellant challenges the administrative judge's rulings on discovery, but she fails to identify any specific items that she was unable to obtain in discovery or how those items would have enabled her to meet her burden of proof or otherwise provide her with information that was reasonably calculated to lead to the discovery of admissible evidence. PFR File, Tab 3 at 5; *see* 5 C.F.R. § 1201.72(a). An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion the Board will not find reversible error in such rulings. *E.g.*, *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 21 (2015). We find no abuse of discretion in this matter.

¶17 The record reflects that both parties filed motions to compel discovery, IAF, Tabs 10, 15, and that the administrative judge subsequently limited the focus of the parties' requests to the period of June 2012 to March 2013, instructed the parties to confer on this limited period to resolve their disputes, and invited the parties to file additional motions if needed, IAF, Tab 19 at 2. The parties each renewed their motions to compel, and the administrative judge denied the renewed motions because the parties failed to specify the particular responses which needed further supplementation and also failed to meet and confer in a good faith effort to resolve their disputes as required under the Board's discovery

regulations.  IAF, Tabs 27, 35, 37 at 2-3; *see* 5 C.F.R. §§ 1201.73(c)(1), .74(a) (requiring parties to confer in good faith and permitting an administrative judge to deny a motion to compel if a party fails to comply with this requirement); *see also Latham*, 117 M.S.P.R. 400, ¶ 73 (finding that an administrative judge did not abuse her discretion in denying an appellant's motion to compel because, in pertinent part, there was no evidence that the parties had made a good faith effort to resolve a discovery dispute on their own).  Moreover, notwithstanding the administrative judge's denial of the parties' motions to compel, she ordered the agency to supplement its prehearing submission with a document showing the vacant positions available in the appellant's local commuting area during the timeframe to which she limited the appeal.  IAF, Tab 37 at 3.  Under these circumstances, we find that the administrative judge did not abuse her discretion in denying the motions to compel.

## ORDER

¶18　　　This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.