**Jo A. BOOKER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 92–3402.

United States Court of Appeals, Federal Circuit.

Dec. 29, 1992.

Jo A. Booker, pro se.

Anita Marshall, Merit Systems Protection Bd., Washington, DC, submitted for respondent. With her on the brief were

Mary L. Jennings and Martha Schneider, Washington, DC.

Before MAYER, CLEVENGER and SCHALL, Circuit Judges.

MAYER, Circuit Judge.

Jo A. Booker petitions for review of the decision of the Merit Systems Protection Board in Docket No. DA34439110596, dated April 6, 1992, dismissing the appeal of the circumstances of her restoration to duty with the United States Postal Service for lack of jurisdiction. We affirm.

## BACKGROUND

Booker sustained a back injury in 1980 which prevented her from continuing her duties at the Bulk Mail Center of the United States Postal Service in Dallas, Texas. The United States Department of Labor awarded her worker's compensation benefits for the injury. By about September 20, 1990, Booker had made a partial recovery sufficient to allow her to return to work on limited duty in a position modified to accommodate her medical condition.

Booker was dissatisfied with the circumstances of her restoration, and on June 26, 1991, she filed an appeal with the Merit Systems Protection Board. She told the board that some of her problems were the result of reprisals against her because of complaints she made to the inspector general of the Postal Service about delays in the completion of her compensation claims. She also complained that she was discriminated against by the Postal Service's injury compensation specialist.

In the initial decision of the board, the administrative judge held that because Booker was not appealing a denial of restoration, only the circumstances of her restoration, her claim did not fall within the jurisdiction of the board. The initial decision also addressed Booker's allegations of discrimination, and that she was subjected to reprisal for having complained to the inspector general. The administrative judge stated that allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(1)(D) and (b)(9) (1988 & Supp. III

1991) are not independent sources of appellate jurisdiction for the board. Because Booker was not entitled to appeal the underlying personnel action, the board was without jurisdiction to hear her additional complaints.

The full board reopened the case under 5 C.F.R. § 1201.117 (1992), and adopted the conclusion that it lacked jurisdiction over both Booker's restoration appeal and her allegations of prohibited personnel practices. It explained that a claim of reprisal for having complained to the inspector general may be pursued before the board in an individual right of action (IRA) appeal under the Whistleblower Protection Act, 5 U.S.C. § 1221, (Supp. III 1991) if the complaint to the inspector general constitutes a disclosure under 5 U.S.C. § 2302(b)(8) (Supp. III 1991). *See* Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (codified in various sections of 5 U.S.C.); *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 523 (Fed.Cir. 1992). The board held that it need not determine if these complaints were protected disclosures under section 2302(b)(8), however, because Postal Service employees could not appeal alleged whistleblower violations directly to the board under the IRA provisions. Those employees may raise whistleblowing only as a defense in an otherwise appealable action. Because there was no otherwise appealable action in this case, the board held it was without jurisdiction.

## DISCUSSION

The facts are not in dispute; the only issue in this appeal is whether the board properly interpreted the applicable law and regulations in determining it lacked jurisdiction. Booker sought review of the circumstances of her restoration to duty with the Postal Service. It was agreed that she had partially recovered from a compensable injury, and restoration to duty from a compensable injury is provided for by 5 C.F.R. Part 353 (1988). Appeals based on the right to restoration may be had at the Merit Systems Protection Board under 5 C.F.R. § 353.401 which provides in part:

(a) *Except as provided below,* an employee or former employee ... who is covered by this part may appeal to the MSPB an agency's *failure to restore* or *improper restoration....*

(c) An individual who is *partially recovered* from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in *denying restoration.* [Emphasis added].

The regulation is straightforward. An employee in Booker's position, having been restored to duty after a partial recovery, may not appeal the details or circumstances of her restoration to the board. She may only appeal a denial of restoration for a determination of whether it was arbitrary or capricious. Because her restoration was not denied, but has been accomplished, the board was correct that it lacked jurisdiction to respond to Booker's complaints about the particulars of her restoration.

Booker's further allegations that Postal Service employees committed prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(1)(D) and (b)(9) by discriminating against her because of her injuries and in reprisal for her complaints to the inspector general are also beyond the board's jurisdiction. As a Postal Service employee, Booker could not seek corrective action from the board under 5 U.S.C. § 1221.

Section 1221(a) allows an employee to bring an IRA seeking corrective action from the board with respect to any "personnel action" that results from a "prohibited personnel practice" taken in retaliation for whistleblowing. According to section 2302, a "personnel action" may be considered a "prohibited personnel practice" only if it occurs within an "agency" as that word is defined. The definition of "agency" in section 2302(a)(2)(C) does not include the United States Postal Service,* which is

specifically excluded from the generally applicable definition of "executive agency" in 5 U.S.C. § 105 (1988), by virtue of its exclusion from the definition of "independent establishment" in 5 U.S.C. § 104 (1988). It is a unique entity. Where Congress intended the Postal Service to be included within the definition of "agency" or to be subject to particular provisions of Title 5, it explicitly so provided. *See, e.g.,* 5 U.S.C. §§ 3371(3), 4103 note, 5514(a)(4)(B), and 5520(c)(4) (1988). Its absence from the section 2302 definition could only have been intentional in light of this congressional practice. *Cf. United States Department of Energy v. Ohio,* 503 U.S. ——, ——, 112 S.Ct. 1627, 1634, 118 L.Ed.2d 255 (1992) (omission of the United States from the term "person" in certain sections of the Clean Water Act and Resource Conservation and Recovery Act was significant given the specific inclusion of the United States in other definitions of "person" found elsewhere in the statutes).

### CONCLUSION

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

AFFIRMED.

---

* 5 U.S.C. § 2302(a)(2)(C), reads:

"agency" means an Executive agency and the Government Printing Office, but does not include—
(i) a Government corporation;
(ii) the Federal Bureau of Investigation, the Central Intelligence Agency, the Defense Intelligence Agency, the National Security Agency, and, as determined by the President, any Executive agency or unit thereof the principle function of which is the conduct of foreign intelligence or counterintelligence activities; or
(iii) the General Accounting Office.