106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas W. DANCER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3366.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1997.
 
 Before NEWMAN, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas W. Dancer seeks review of the decision of the Merit Systems Protection Board dismissing his appeal, Docket No. DA3443960356-I-1, for lack of jurisdiction. Discerning no error in the decision of the Board, we affirm.
 
 
 2
 Mr. Dancer alleges that the United States Postal Service has engaged in a continuous pattern of discrimination and harassment against him in retaliation for his having won a prior discrimination suit against the agency. The Board held that it lacked jurisdiction over Mr. Dancer's appeal on the ground that discrimination or retaliation for protected activities constitute prohibited personnel practices under 5 U.S.C. § 2302(b)(8), the Whistleblower Protection Act, such allegations are not independent sources of Board jurisdiction.
 
 
 3
 The decision in Brooker v. Merit Systems Protection Board, 982 F.2d 517 (Fed.Cir.1992) is dispositive. In that case the court held that the Postal Service was not a covered agency under the provisions of § 2302:
 
 
 4
 Brooker's further allegations that Postal Service employees committed prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(1)(D) and (b)(9) by discriminating against her because of her injuries and in reprisal for her complaints to the inspector general are also beyond the board's jurisdiction. As a Postal Service employee, Brooker could not seek corrective action from the board under 5 U.S.C. § 1221.
 
 
 5
 Section 1221(a) allows an employee to bring an IRA seeking corrective action from the board with respect to any "personnel action" that results from a "prohibited personnel practice" taken in retaliation for whistleblowing. According to section 2302, a "personnel action" may be considered a "prohibited personnel action" only if it occurs within an "agency" as that word is defined. The definition of "agency" in section 2302(a)(2)(C) does not include the United States Postal Service, which is specifically excluded from the generally applicable definition of "executive agency" in 5 U.S.C. § 105 (1988), by virtue of its exclusion from the definition of "independent establishment" in 5 U.S.C. § 104 (1988).
 
 
 6
 Id. at 519 (footnote omitted) (emphasis ours).
 
 
 7
 Since Mr. Dancer was not an employee in a covered agency as required by the statute, he had no right to corrective action from the Board under the Whistleblower Protection Act.