NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3294

THOMAS V. OSLOWSKI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 9, 2004

_____

Before MAYER, Chief Judge, MICHEL and LINN, Circuit Judges.

PER CURIAM.

Thomas V. Oslowski appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Oslowski v. United States Postal Serv., No. PH752S030269-I-1 (M.S.P.B. Mar. 30, 2004) ("Final Decision"). Because we agree that the Board lacks jurisdiction over Oslowski's appeal, we affirm.

**BACKGROUND**

In 1977, Oslowski was employed as a distribution clerk with the United States Postal Service ("Postal Service" or "agency") facility in Bellmawr, New Jersey. On January 21, 1977, I. Ferro, Oslowski's supervisor, wrote to the Director of Employee

and Labor Relations complaining about Oslowski's work performance ("Ferro letter"). Specifically, Ferro wrote that "Oslowski is not performing his duties in a satisfactory manner." Ferro concluded that "[i]t is my opinion that Mr. Oslowski is not able to perform his duties and in his condition may be a hazard both to himself and others and that he should not be permitted to work until he is fully able." While the Ferro letter proposed no concrete disciplinary action, Oslowski was removed from his position at the agency sometime in 1977.[1]

The Ferro letter has been the centerpiece of several proceedings initiated by Oslowski. In 2000, Oslowski filed a complaint with the Office of Special Counsel ("OSC") alleging that the Ferro letter was "insulting" and written without his knowledge. On March 20, 2000, the OSC notified Oslowski that it had no authority to pursue his complaint, as he provided no facts that would constitute a personnel practice or any other prohibited activity within its investigative jurisdiction. The OSC added that even if Oslowski had alleged a prohibited personnel practice, the provisions of the Whistleblower Protection Act ("WPA") do not apply to current or former Postal Service employees.

In May 2000, Oslowski filed an individual right of action ("IRA") with the Board, which on June 14, 2000 dismissed for lack of jurisdiction, finding that, as a former Postal Service employee, Oslowski had no right to seek corrective action under the WPA, and that Oslowski's IRA concerned a matter which arose before 1989, the

---

[1] It is unclear whether the Ferro letter had any direct relation to Oslowski's subsequent removal, which Oslowski does not appeal. Also, it appears that Oslowski was rehired by the agency and remained employed there until approximately 1981.

effective date of the WPA. Oslowski's subsequent petitions for review were denied by both the full Board and the Equal Employment Opportunity Commission ("EEOC").

On April 2, 2003, Oslowski again complained of the "insulting" Ferro letter to the OSC, which responded for a second time that it lacked jurisdiction to review complaints by former Postal Service employees. On May 30, 2003, Oslowski appealed to the Board, challenging the Ferro letter as a "[p]ersonnel action taken to degrade in every way possible." Oslowski also claimed that he was suspended for seven days in 1977 as a result of his whistleblowing activity. He argued that the suspension was intended "to cause fear in other postal workers speaking up." Oslowski submitted no records of the alleged suspension.

On June 4, 2003, the Administrative Judge ("AJ") issued an Acknowledgment Order questioning the Board's jurisdiction over Oslowski's appeal and informing him that he bears the burden of showing that the Board has jurisdiction. On June 10, 2003, the AJ issued a Show Cause Order, again raising the issue of jurisdiction and noting that Oslowski's appeal may be precluded by his earlier appeal to the Board. Oslowski responded to the Show Cause Order five times in writing and responded orally during a telephonic status conference.

On June 10 and 13, 2003, the agency moved to dismiss the appeal as untimely, outside the Board's jurisdiction, and barred by his May 2000 appeal. On July 18, 2003, the AJ dismissed Oslowski's appeal for lack of jurisdiction, explaining that neither letters of counseling, warning, or reprimand nor suspensions of fourteen days or less are within the Board's jurisdiction. Oslowski v. United States Postal Serv., No. PH-752-03-269-I-1 (M.S.P.B. July 18, 2003) ("Initial Decision"). The AJ also explained that Oslowski's

3

allegations of prohibited discrimination and personnel practices, standing alone, do not confer Board jurisdiction over his appeal. The AJ further noted that the OSC had previously rejected Oslowski's discrimination claims, because the WPA does not cover actions by the Postal Service or actions occurring prior to its effective date, July 9, 1989. Finally, the AJ concluded that Oslowski was attempting to relitigate the same issues raised in his previous appeal to the Board.

The Initial Decision became final on March 30, 2004. On May 14, 2004, the EEOC denied Oslowski's petition for review of the Board's decision, as the Board did not address any matters within the EEOC's jurisdiction.

Oslowski timely appealed to this court on May 19, 2004. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of an appeal from a Board decision is limited in scope. We must affirm the Board's decision unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

The Board's jurisdiction is not plenary. Instead, the Board has jurisdiction over agency actions when the appeals are authorized by law, rule or regulation. 5 C.F.R. § 1201.3(a)(2003). Under 5 U.S.C. § 7512, the Board may entertain appeals to review the following adverse agency actions: (1) removal; (2) suspension for more than fourteen days; (3) reduction in grade; (4) reduction in pay; and (5) furlough of thirty days

4

or less.  Both actions by the Postal Service on which Oslowski bases his appeal — the Ferro letter and the alleged seven-day suspension — fall outside these statutory categories.  As the AJ correctly explained, letters of counseling, warning, or reprimand are not within the Board's jurisdiction.  Initial Decision, slip op. at 4 (citing McVay v. Ark. Nat'l Guard, 80 M.S.P.R. 120, 123 (1998); Marks v. U. S. Postal Serv., 78 M.S.P.R. 451, 454 (1998)).  Neither does a suspension of fourteen days or less vest the Board with jurisdiction.  See 5 U.S.C. § 7512(2).

On appeal before this court, Oslowski also contends that the actions of the Postal Service constitute prohibited personnel practices under 5 U.S.C. § 2302(b), and claims he was entitled to file an IRA when the OSC declined to take any corrective action in response to his complaint.  While letters of reprimand can constitute personnel actions upon which an IRA may be based, see 5 U.S.C. § 2302(a)(2)(A)(iii); McVay, 80 M.S.P.R. at 123, Oslowski still has no right to bring an IRA.  See Booker v. Merit Sys. Prot. Bd., 982 F.2d 517 (Fed. Cir. 1992).  As this court explained in Booker,

> According to section 2302, a "personnel action" may be considered a "prohibited personnel practice" only if it occurs within an "agency" as that word is defined.  The definition of "agency" in section 2302(a)(2)(C) does not include the United States Postal Service, which is specifically excluded from the generally applicable definition of "executive agency" in 5 U.S.C. § 105 (1988), by virtue of its exclusion from the definition of "independent establishment" in 5 U.S.C. § 104 (1988).  It is a unique entity.

982 F.2d at 519 (emphasis added).  Accordingly, since Oslowski challenges the actions of the Postal Service, we cannot agree that he was entitled to an individual right of action or IRA.

Because Postal Service employees cannot appeal alleged whistleblower violations directly to the board under the IRA provisions, the Board cannot entertain

5

Oslowski's claims absent some other, independent basis for jurisdiction.  See Booker, 982 F.2d at 519.  Here, however, no such independent ground exists, as discussed above.

Oslowski further alleges that the Board failed to take into account his status as a member of a bargaining unit that had access to a negotiated grievance procedure.  As we explained in Mays v. United States Postal Service, "[t]he grievance procedure and appeal to the board are simply two procedural avenues available to [preference eligible Postal Service employees] to vindicate the same underlying cause of action."  995 F.2d 1056, 1060 (Fed. Cir. 1993).  Oslowski's bargaining unit status thus cannot establish Board jurisdiction.  In addition, no evidence of record suggests that Oslowski ever filed a grievance.

Finally, even if the Postal Service's actions could somehow qualify for Board jurisdiction, we note that Oslowski's appeal is twenty-some years out of time.  All of the agency actions complained of in this appeal took place in 1977, long after the Board's thirty-day limitation for appealing adverse agency actions.

Because we agree that the Board lacks jurisdiction, we affirm the Board's decision dismissing Oslowski's appeal.

AFFIRMED.