Miguel **NAZARIO–ACOSTA,**
Plaintiff–Appellant,

v.

John E. **POTTER,** Postmaster General,
Defendant–Appellee.

No. 03–35978.

United States Court of Appeals,
Ninth Circuit.

Submitted: July 11, 2005.*

Decided: July 27, 2005.

Miguel Nazario–Acosta, Anchorage, AK, for Plaintiff–Appellant.

David G. Karro, Esq., United States Postal Service Office of Labor Law, Washington, DC, Stacy L. Smith, Susan J. Lindquist, Esq., Office of the U.S. Attorney, Anchorage, AK, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Miguel Nazario–Acosta appeals pro se the district court's judgment in favor of the defendant in his employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Watkins v. Ameripride Services,* 375 F.3d 821, 824 (9th Cir.2004). We review for clear

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

error the district court's findings of fact following a bench trial and review de novo conclusions of law. *Id.* We affirm.

The district court properly concluded that Nazario–Acosta could not bring a claim under the Whistleblower Protection Act because the Act does not apply to the Postal Service. *See Booker v. Merit Systems Protection Bd.,* 982 F.2d 517, 519 (Fed.Cir.1992). The district court also properly dismissed his claims relating to the Office of Workers Compensation Program. *See Staacke v. U.S. Sec'y of Labor,* 841 F.2d 278, 281 (9th Cir.1988).

Following a bench trial, the district court found that Nazario–Acosta frustrated the interactive process. This finding is not clearly erroneous. *See Watkins,* 375 F.3d at 828.

We are not persuaded by Nazario–Acosta's remaining contentions.

AFFIRMED.