# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERICK C. BOWERS,
              Appellant,

        v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
AT-0353-15-0597-I-1

DATE: July 22, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frederick C. Bowers, Crandall, Georgia, pro se.

Sandra W. Bowens, Esquire, Memphis, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a Rural Carrier Associate, suffered a compensable injury in September 2010, and returned to work on limited duty until May 25, 2013, when he claimed he suffered either a new injury or a recurrence or worsening of the original injury. Initial Appeal File (IAF), Tab 9 at 83. The Office of Workers' Compensation Programs (OWCP) denied the appellant's claim on both bases, finding that the injury was neither new nor a recurrence or worsening of the original injury. *Id*. at 79. The appellant did not return to work after his May 25, 2013 injury, and, on March 18, 2015, the agency notified the appellant that it would be removing him, effective April 18, 2015. On June 6, 2015, however, the agency entered into a settlement agreement rescinding the removal. *Id*. at 12.

¶3    The appellant filed an appeal of the removal, the alleged failure to restore him, an alleged negative suitability determination, and an alleged denial of a within-grade increase. IAF, Tab 1. The administrative judge found that the Board lacks jurisdiction over the removal action because it was rescinded prior to the appellant filing an appeal of the action. IAF, Tab 19, Initial Decision (ID) at 5. She also found that the appellant failed to make a nonfrivolous allegation that his absence after May 25, 2013, was due to a compensable injury, and thus he failed to establish jurisdiction over his restoration claim. ID at 5-9. Additionally, she found that, because the appellant is an excepted-service

employee, the Board lacks jurisdiction over his allegations regarding a negative suitability determination and a denial of a within-grade increase.  ID at 4.

¶4      In his petition for review, the appellant alleges that the administrative judge erred in finding that he was not entitled to limited duty for his compensable injury, and argues that the agency discriminated against him on the basis of disability.[2]  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to the petition.  PFR File, Tab 3.

¶5      Under 5 C.F.R. § 353.304(c), an individual who is partially recovered from a compensable injury may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration.  To establish jurisdiction over his claim that he was denied restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations of the following:  (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).  *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016).[3]  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie

---

[2] The appellant does not disagree with the administrative judge's determination that the Board lacks jurisdiction over the appeal of his removal, negative suitability determination, and denial of a within-grade increase.  Because the appellant has not challenged these findings and because we discern no error in the administrative judge's well-reasoned findings regarding these matters, we will not disturb them.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (finding no basis to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

[3] Because the appellant filed his appeal on June 4, 2015, we apply the jurisdictional standard set forth in 5 C.F.R. § 1201.57 for restoration appeals filed on or after March 30, 2015.

case that the Board has jurisdiction over the matter at issue. *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007); 5 C.F.R. § 1201.4(s).

¶6      Here, the appellant failed to make nonfrivolous allegations of any of the elements necessary to establish jurisdiction over his appeal as a denial of restoration. He failed to nonfrivolously allege that his absence starting on May 25, 2013, was due to a compensable injury. It is undisputed that OWCP denied the appellant's May 2013 injury as a new claim or a recurrence claim. The agency is not obligated to restore, i.e., to provide limited duty,[4] for restrictions resulting from nonwork-related injuries.

¶7       Moreover, to the extent that the appellant is arguing that the agency failed to restore him based on his partial recovery from the compensable injury that he suffered in September 2010, his assertion is unavailing. It is undisputed that the appellant was working in a limited duty position at the time of his May 2013 nonwork-related injury and, in February 2015, the agency offered the appellant an assignment casing and carrying all mail on any assigned route within his medical restrictions. IAF, Tab 9 at 13. The appellant may be dissatisfied with this offer, but there is no indication in the record that the offer was not approved by OWCP. In any event, decisions on the suitability of an offered position are within the exclusive purview of OWCP, subject to review by the Employees Compensation Review Board, and neither the Board nor the employing agency has the authority to determine whether a position is suitable in light of an employee's particular medical condition. 5 U.S.C. § 8145; *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 11 (2000). While an employee who has been restored to duty after partial recovery may appeal a denial of restoration for a determination of whether it is arbitrary or capricious, he cannot appeal the details

----

[4] Within the U.S. Postal Service, "limited duty" refers to modified work provided to employees who have medical restrictions due to work-related injuries, whereas "light duty" refers to modified work provided to employees who have medical restrictions due to nonwork-related injuries. *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 8 (2000).

or circumstances of the restoration. *Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992).[5]

¶8     As to the appellant's claim that the agency discriminated against him on the basis of disability by not accommodating his physical limitations, the Board lacks jurisdiction per se in the absence of an otherwise appealable action. *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 58 (2012), *superseded by regulation on other grounds*, 5 C.F.R. § 1201.57(a)(4), (b); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

---

[5] Insofar as the appellant alleges that he was constructively suspended, we agree with the administrative judge that the Board lacks jurisdiction over such a claim because there is no indication in the record that the agency's wrongful actions deprived the appellant of the choice to return to work. ID at 9; *see Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014). In any event, the Board, under analogous circumstances, held that an appellant is not entitled to appeal a denial of restoration as a constructive suspension. *See Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶¶ 19-22 (2010).

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.