# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICIA ANN SCHELLHORN,
                    Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
PH-0353-15-0368-I-1

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

J.R. Pritchett, McCammon, Idaho, for the appellant.

Miriam Dole, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, for the reasons set forth below, we VACATE the initial decision and DENY the appellant's restoration appeal on the merits.

## BACKGROUND

¶2      The appellant is a Rural Letter Carrier at the Post Office in Ringoes, New Jersey. Initial Appeal File (IAF), Tab 5 at 37. On May 20, 2010, and March 12, 2012, she suffered on-the-job injuries to her right arm. IAF, Tab 6 at 25, 37. In 2013, she suffered a recurrence of her March 12, 2012 right‑arm injury. *Id.* at 9. Following her recurrence, on October 29, 2013, she accepted a limited‑duty position, which, among other things, required her to lift up to 28 pounds. IAF, Tab 16 at 45. In or around September 2014, the appellant began to believe that she was being asked to perform duties in excess of these restrictions. IAF, Tab 21 at 8. In December 2014, she submitted medical documentation indicating that she could not lift more than 10 pounds and requested a new limited‑duty job offer within those restrictions. IAF, Tab 16 at 34, 59-60. According to the agency, there was no operationally necessary unassigned work within these restrictions and, to keep the appellant working, it instructed her to continue performing her prior modified duties to the extent possible without lifting over 10 pounds. IAF, Tab 5 at 21. On January 6, 2015, the appellant submitted a request for leave without pay for an indefinite period of

time as well as a notice of recurrence form in which she contended that the duties of her limited‑duty position were not within her current medical restrictions. *Id.* at 39, 42. The appellant was absent from work from January 6 through September 18, 2015. *Id.* at 42; IAF, Tab 19 at 25.

¶3 On April 9, 2015, the Office of Workers' Compensation Programs (OWCP) denied the appellant's January 6, 2015 claim for recurrence. IAF, Tab 5 at 31-33. The appellant appealed OWCP's decision and, after holding a hearing, OWCP determined that the appellant had sought increased lifting limitations without medical support, and it affirmed its prior decision. IAF, Tab 18 at 20-23. On April 30, 2015, the appellant requested restoration to a position within her current work limitations. IAF, Tab 5 at 29.

¶4 On May 28, 2015, the appellant filed this Board appeal asserting that the agency denied her request for restoration and that she believed that there was work available within her medical restrictions. *Id.* at 5. The appellant also contended that the agency discriminated against her based on her disability. *Id.* The agency moved to dismiss the appeal, asserting that the appellant failed to nonfrivolously allege that it had denied her restoration or that any such denial was arbitrary and capricious because she did not identify any positions or work she could perform in light of her claim that she could not perform the duties of her previous limited‑duty job offer. *Id.* at 10-11. The agency represented that it still was in the process of searching for an available position in the local commuting area within the appellant's restrictions. *Id.* at 11.

¶5 After filing her Board appeal, in August 2015, the appellant informed the agency that her lifting restrictions had been raised back up to 28 pounds. IAF, Tab 19 at 21. On September 9, 2015, the agency offered her a new limited‑duty job, which again required her to lift 28 pounds. *Id.* at 24. The appellant accepted this job offer and returned to work on September 19, 2015. *Id.* at 24-25.

¶6   After holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 24, Initial Decision (ID).  The administrative judge found that the appellant failed to prove by preponderant evidence that her absence from work between January 6 and September 15, 2015, was due to a compensable injury because OWCP had denied her recurrence claim for this time period.  ID at 5-6.  The administrative judge also found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's disability discrimination claim.  ID at 6.  Finally, the administrative judge found that, to the extent the appellant's absence could be construed as a constructive suspension claim, the Board lacks jurisdiction over such a claim because the appellant is not a preference eligible, manager, supervisor, or an employee engaged in confidential personnel work entitled to appeal an adverse action to the Board.[2]  ID at 6 n.2.

¶7   The appellant has filed a petition for review in which she contends that the administrative judge erred in finding that she was not absent due to a compensable injury.  Petition for Review (PFR) File, Tab 1 at 2.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

---

[2] The administrative judge failed to afford the appellant proper jurisdictional notice as to what she must do to establish that she is an employee entitled to appeal an adverse action, such as a constructive suspension, to the Board.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Nonetheless, the lack of *Burgess* notice did not prejudice the appellant's substantive rights because the initial decision notified her regarding which U.S. Postal Service employees have the right to appeal an adverse action to the Board.  ID at 6 n.2; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  On review, the appellant does not contend that she is an employee with the right to appeal an adverse action under chapter 75 to the Board.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        Under the Board's revised regulation, to establish jurisdiction over a claim of denial of restoration as a partially recovered[3] employee for any appeal filed on or after March 30, 2015, an appellant is required to make nonfrivolous[4] allegations of the following:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).  *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016); 5 C.F.R. § 1201.57(b).  After establishing jurisdiction, an appellant must prove the merits of her restoration appeal by a preponderance of the evidence.  *Kingsley*, 123 M.S.P.R. 365, ¶ 12; 5 C.F.R. § 1201.57(c)(4).

¶9        Because the appellant filed her Board appeal after the March 30, 2015 effective date of the regulation, she was required only to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits.  IAF, Tab 1; *see* 5 C.F.R. § 1201.57(a)(4), (b).  The record reflects that the administrative judge applied the former preponderant evidence standard and dismissed the appellant's

---

[3] The record reflects that the appellant reached maximum medical improvement on June 28, 2012.  IAF, Tab 6 at 5.  This appears to take her outside the definition of a partially recovered employee.  *See* 5 C.F.R. § 353.102 ("Ordinarily, it is expected that a partially recovered employee will fully recover eventually.").  Instead, it appears that the appellant is physically disqualified from her Rural Letter Carrier position.  *See* 5 C.F.R. § 353.102.  Regardless, the appellant's alleged requests for restoration beginning in December 2014 occurred more than 1 year from the date of the recurrence of her compensable injury.  IAF, Tab 6 at 9 (reflecting that the date of appellant's most recent prior recurrence was April 20, 2013).  Thus, even if she is physically disqualified, her restoration rights are the same as those of a partially recovered employee.  *See* 5 C.F.R. § 353.301(c).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R § 1201.4(s).

restoration claim for lack of jurisdiction. ID at 5. However, because the administrative judge implicitly found that the appellant made nonfrivolous allegations of Board jurisdiction and held a hearing, the record is sufficiently developed for us to decide the appeal on the merits in accordance with 5 C.F.R. § 1201.57. Accordingly, we vacate the initial decision and, as set forth below, find that the appellant failed to prove by preponderant evidence that the agency denied her restoration.

¶10        A partially recovered employee "may not appeal the details or circumstances of her restoration"; she may appeal to the Board only for a determination of whether the agency acted arbitrarily and capriciously in denying restoration. *Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992); 5 C.F.R. § 353.304(c). Nevertheless, under certain circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000). For example, a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored. *Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001).

¶11        Here, it is undisputed that, following the recurrence of her March 12, 2012 injury, the appellant accepted a limited‑duty position within her lifting restriction of 28 pounds on October 29, 2013, and resumed work. IAF, Tab 16 at 45, Tab 22, Hearing Compact Disc (HCD) (testimony of the appellant). The record reflects that, after accepting this limited‑duty job offer, the appellant subsequently believed that she was being required to perform duties outside of her restrictions. IAF, Tab 5 at 39, Tab 21 at 8. She testified that she told her doctor that she was unsure whether she was lifting things in excess of her restrictions because she had no way of knowing the exact weight of the packages she was lifting. HCD (testimony of the appellant). The appellant's doctor's note

dated September 4, 2014, reflects that her doctor believed that her current limited‑duty position complied with the restrictions in her functional capacity evaluation (FCE), but because the appellant reported that she was being required to perform activities in excess of these restrictions, he noted that, if her restrictions could not be accommodated exactly, he would be forced to increase them. IAF, Tab 21 at 8. On December 4, 2014, he restricted the appellant's lifting capacity to 10 pounds. IAF, Tab 6 at 7. The appellant requested a new limited‑duty position within her restrictions on several occasions in December 2014, IAF, Tab 16 at 59‑60, and subsequently stopped working on January 6, 2015, when she filed a notice of recurrence contending that her current limited‑duty job offer was not within her restrictions, IAF, Tab 5 at 39, 42.

¶12 Although the appellant was dissatisfied with her limited‑duty assignment, there is no indication in the record that OWCP ever found it to be unsuitable. Determining the suitability of an offered position is within the exclusive purview of OWCP, subject to review by the Employees Compensation Review Board, and neither the Board nor the employing agency has the authority to decide whether a position is suitable in light of an employee's particular medical condition. 5 U.S.C. § 8145; *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 11 (2000).

¶13 The record reflects that OWCP denied the appellant's January 6, 2015 request for recurrence, finding that she failed to show that she suffered a spontaneous change in her prior accepted work‑related condition without an intervening injury or new exposure. IAF, Tab 5 at 33. On appeal, after holding a hearing, OWCP further determined that the appellant's FCE supported exactly the duties she had been assigned and the appellant had sought increased limitations not supported by her FCE or other medical evidence. IAF, Tab 18 at 22-23. Moreover, after OWCP denied her claim the appellant accepted a similar limited‑duty position with a 28‑pound lifting restriction, after confirming that it was within her medical restrictions, and returned to work on September 19, 2015.

IAF, Tab 19 at 24-25.  Accordingly, we find that the appellant has not shown that she was effectively denied restoration by purportedly being required to perform job duties outside of her restrictions.

¶14    The appellant also argued that the agency discriminated against her based on her disability.  IAF, Tab 1 at 5, Tab 20 at 3.  Although a claim of disability discrimination may prove that a denial of restoration rights was arbitrary and capricious, *see Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 (2012), the agency did not deny the appellant's restoration rights.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.