# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACQUELYN S. JONES-LOUIS,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
CH-0752-16-0366-I-1

DATE: October 11, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacquelyn S. Jones-Louis, Indianapolis, Indiana, pro se.

James P. Verdi, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her removal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On or about May 2010, the appellant was removed from her position with the agency as a Mail Processing Clerk. Initial Appeal File (IAF), Tab 1 at 7, 11. On April 27, 2016, she appealed her removal to the Board and requested a hearing. *Id.* at 1-3. In her appeal, the appellant noted that she was not eligible for a veterans' preference. *Id.* at 1. The administrative judge informed the appellant of her burden to establish the Board's jurisdiction over her appeal. IAF, Tab 3 at 1. In response, the appellant admitted that she was not (1) eligible for a veterans' preference, (2) in a management or supervisory position, or (3) engaged in personnel work other than in a purely nonconfidential capacity with 1 year of current continuous service in the same or similar positions. IAF, Tab 6 at 4. The appellant later amended her response to allege that the Board had jurisdiction over her case because it was a mixed-case appeal involving claims of discrimination. IAF, Tab 12 at 4-6. On July 13, 2016, the administrative judge dismissed her appeal for lack of jurisdiction without holding a hearing, noting that in the absence of an otherwise appeal action, claims of discrimination do not

confer the Board with jurisdiction to adjudicate an appeal.  IAF, Tab 13, Initial Decision (ID) at 1-4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3    On review, the appellant asks the Board to take jurisdiction over her appeal on the basis that it is a mixed-case appeal involving claims of discrimination. Petition for Review File, Tab 1 at 4-7.  The appellant also asks the Board to consider the fact that the U.S. District Court for the Southern District of Indiana found her wrongful termination claim before that court to be foreclosed by the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.  Id.* at 7-8; *see Jones-Louis v. Brennan*, No. 1:13-cv-00762-SEB-MJD, 2016 WL 1270179, at *4 (S.D. Ind. Mar. 31, 2016).

¶4    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction.[3] 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶5    A U.S. Postal Service employee may appeal a removal action to the Board only if she is (1) preference eligible, (2) a supervisory or management employee, or (3) an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  5 U.S.C. § 7511(a)(1)(B), (b)(8); 39 U.S.C. § 1005(a)(4)(A); *Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 13 (2010).  An appellant's claim that her agency discriminated against her in violation of 5 U.S.C. § 2302(b)(1) does not confer jurisdiction to the Board in the absence of an otherwise appealable action.  *Hicks*, 114 M.S.P.R. 232, ¶ 13 (citing *Booker v.*

---

[2] Because she found that the Board lacks jurisdiction over the appeal, the administrative judge made no finding as to the timeliness of the appeal.  ID at 1 n.2.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

*U.S. Postal Service*, 53 M.S.P.R. 507, 509, *aff'd*, 982 F.2d 517 (Fed. Cir. 1992); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982)).

¶6     Because the appellant admitted that she was neither preference eligible, a supervisory or management employee, nor engaged in personnel work in other than a purely nonconfidential clerical capacity, the U.S. district court's suggestion in its decision that she should have appealed her removal claim to the Board was in error. *See Jones-Louis*, 2016 WL 1270179, at *4; *Jones-Louis v. Donahoe*, No. 1:13-cv-00762-SEB-MJD, 2014 WL 4410374, at *5 (S.D. Ind. Sept. 3, 2014). Although the court did not adjudicate the appellant's wrongful termination claim, the court did adjudicate her appeal of her unfavorable Equal Employment Opportunity Commission decision. *Jones-Louis*, 2016 WL 1270179, at *5-7. Regarding that appeal, the court granted summary judgement for the defendant because the appellant failed to present sufficient evidence demonstrating that her removal had a discriminatory basis. *Id.* at *6-7.

¶7     Accordingly, for the reasons set forth above, we deny the appellant's petition for review and affirm the initial decision dismissing her appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.