**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOAQUIN ALVAREZ, | DOCKET NUMBER |
| Appellant, | SF-0353-16-0102-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: September 9, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Jeremy M. Watson</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant holds a City Carrier position with the agency. Initial Appeal File (IAF), Tab 5 at 38. On April 7, 2010, he suffered a job-related injury. *Id.* at 15, 17-18, 20-22, 24-26, 28-30, 32-33. He filed a compensation claim for this injury with the Department of Labor's Office of Workers' Compensation Programs (OWCP), which accepted his claim.[2] *Id.*; IAF, Tab 5 at 35-37.

¶3 Beginning in August 2015, the appellant returned to work in a limited-duty capacity by accepting a series of the agency's offers of modified assignments dated August 18, September 2, September 18, and September 24, 2015. IAF, Tab 5 at 15‑25. The appellant's medical restrictions limited him to lifting no more than 5 pounds and driving no more than 4 hours a day, and they prevented him from climbing, twisting, pushing, pulling, and reaching above the shoulders.

---

[2] The record does not contain documentation from OWCP reflecting that it accepted the appellant's claim. However, the administrative judge found, and the parties do not dispute, that the appellant suffered a compensable injury on April 7, 2010. IAF, Tab 4 at 13, Tab 5 at 10, Tab 9, Initial Decision at 11; *see Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 14 (2016) (recognizing that a compensable injury is defined as one that is accepted by OWCP as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund).

*Id.* at 16, 19-21, 23-25, 27-29, 31-33. The appellant's time and attendance records reflect that he worked full-time from August 1 to October 6, 2015.[3] *Id.* at 43-62.

¶4    The agency made two additional offers of modified assignments dated October 1 and October 8, 2015. *Id.* at 26-33. The appellant did not accept the October 1, 2015 offer, and he was not able to accept or decline the October 8, 2015 offer because he was on sick leave. *Id.* at 26, 30, 34, 62. The appellant later gave the agency notice that he had allegedly suffered a traumatic injury on October 8, 2015, and he made a claim for a continuation of regular pay based on this injury. *Id.* at 35‑37.

¶5    On October 9 and October 30, 2015, the appellant made written requests to the agency for reinstatement to a limited-duty position at the Van Nuys Passport Office. IAF, Tab 4 at 18, Tab 5 at 40. In letters dated October 21 and November 4, 2015, the agency responded that it had already offered him a modified assignment at the Van Nuys Post Office, Encino Station, on September 18, 2015, which he had accepted. IAF, Tab 5 at 39, 42. The agency also stated that there was no available work at the Van Nuys Passport Office, and the offer of modified assignment at the Van Nuys Post Office was still available.[4] *Id.* at 42.

¶6    The appellant filed this Board appeal and requested a hearing. IAF, Tab 1. He alleged that the agency denied his restoration to the Van Nuys Passport Office after he made a verbal request on September 29, 2015, and written requests on October 9 and October 30, 2015. IAF, Tab 1 at 6, Tab 4 at 4, 21. According to the appellant, the agency's actions constituted a denial of restoration,

---

[3] The agency explained what the following time and attendance codes stand for: 05200 is normal work hours, 05800 is holiday leave, 05600 is sick leave, 05900 is part-day leave without pay, and 06000 is full-day leave without pay. IAF, Tab 5 at 10 n.2. The appellant has not contested this explanation.

[4] Both offices are located in Van Nuys, California. IAF, Tab 5 at 23.

discrimination based on age and disability, retaliation for equal employment opportunity (EEO) activity, and other prohibited personnel practices. IAF, Tab 1 at 4, 6, Tab 4 at 4‑8, 13‑17, 21; *see generally* 5 U.S.C. § 2302 (listing prohibited personnel practices). He also alleged that the agency failed to provide him with his Board appeal rights or follow its own procedures regarding restoration. IAF, Tab 4 at 4‑5.

¶7        In an acknowledgment order, the administrative judge apprised the appellant of his burden to establish jurisdiction by making nonfrivolous allegations regarding the substantive jurisdictional elements of his restoration claim. IAF, Tab 2 at 2-10. He also ordered the appellant to file evidence and argument on the jurisdictional issue, and informed him that the record on the issue of jurisdiction would close on December 7, 2015. *Id.* at 10. The appellant responded. IAF, Tab 4. The agency also responded and filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5. The appellant then filed a response to the agency's motion to dismiss on December 9, 2015. IAF, Tab 6. However, the administrative judge declined to accept or consider this submission because it was filed after the record closed on the jurisdictional issue. IAF, Tab 8 at 2 n.*, Tab 9, Initial Decision (ID) at 6 n.4.

¶8        Without holding the requested hearing, the administrative judge issued an initial decision granting the agency's motion and dismissing the appeal for lack of jurisdiction. ID at 1, 19. He found that the appellant failed to establish Board jurisdiction over his denial of restoration appeal as a partially recovered employee under 5 C.F.R. § 353.304(c). ID at 10, 16-17. Specifically, he found that the appellant failed to nonfrivolously allege that the agency denied him restoration after he partially recovered from his April 7, 2010 injury, or that any such denial was arbitrary and capricious. ID at 10, 12-16. The administrative judge further found that the Board lacks jurisdiction over any claim of denial of restoration based on the appellant's October 8, 2015 injury because he failed to

nonfrivolously allege that this injury was compensable. ID at 11 n.10. Finally, the administrative judge found that the appellant's claims of discrimination, reprisal, prohibited personal practices, and harmful procedural error were not relevant to the jurisdictional issue because the agency did not deny him restoration, and that, absent an appealable action, the Board lacks independent jurisdiction over such claims.[5] ID at 17-19.

¶9 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to satisfy his jurisdictional burden.

¶10 The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016). Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements."[6] 5 C.F.R. § 353.102.

¶11 The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *modified in part by regulation as stated in Kingsley*, 123 M.S.P.R. 365,

---

[5] The administrative judge erroneously stated that the appellant alleged sex, instead of age, discrimination. ID at 17. However, we find such error harmless because it does not affect the outcome of the case. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[6] The administrative judge found, and the parties do not dispute, that the appellant was a partially recovered employee. ID at 8; IAF, Tab 4 at 4, 14, Tab 5 at 6.

¶ 10; 5 C.F.R. § 353.304(c). To establish jurisdiction and obtain a hearing on the merits, an appellant is required to make nonfrivolous allegations[7] that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the agency's denial was arbitrary and capricious. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 (2016); 5 C.F.R. § 1201.57(a)(4), (b).

¶12    In his petition for review, the appellant disputes the administrative judge's finding that he failed to establish jurisdiction. PFR File, Tab 1 at 5. Specifically, he alleges that the administrative judge "made improper determinations regarding the time frames of this appeal" and "the limited duty job assignment that was available" to him. *Id.* For the following reasons, we agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that the agency denied him restoration after he partially recovered from his April 7, 2010 injury.[8] ID at 12-15.

¶13    The record reflects that the agency offered, and the appellant accepted, a series of modified assignments in August and September 2015. IAF, Tab 5 at 15‑25. The agency made further offers of modified assignments on October 1 and October 8, 2015; however, the appellant declined the October 1 offer and did not respond to the October 8 offer because he was on sick leave beginning on October 8, 2015.[9] *Id.* at 26-34, 62. The appellant made several requests for

---

[7] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[8] The administrative judge found, in the alternative, that the appellant failed to nonfrivolously allege that the agency's denial of restoration was arbitrary and capricious. ID at 15-16. The appellant does not dispute this finding on review, and we find no reason to disturb it.

[9] The appellant does not dispute, and we find no reason to disturb, the administrative judge's finding that the Board lacks jurisdiction over any denial of restoration claim

reinstatement to a limited-duty position at the Van Nuys Passport Office. IAF, Tab 4 at 18, 21, Tab 5 at 40. The agency responded that it already had offered him a modified assignment at the Van Nuys Post Office on September 18, 2015, and that the offer was still valid. IAF, Tab 5 at 39, 42. The agency also explained that it had previously issued him a temporary, limited-duty job offer to perform some passport office duties; however, there was currently no available work at the Van Nuys Passport Office. *Id.* at 42. The appellant declared under penalty of perjury that the agency's offered position at the Van Nuys Post Office was outside of his medical restrictions, and the agency denied his requests for reinstatement. IAF, Tab 4 at 21.

¶14     We agree with the administrative judge's finding that the appellant's generalized claim that the agency required him to work outside his medical restrictions was insufficient to nonfrivolously allege a restoration so unreasonable as to be an effective denial. ID at 13; *see Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001) (finding that to establish jurisdiction over a claim that an offer of restoration amounts to an effective denial of restoration because a partially recovered appellant is incapable of performing the job duties, an appellant must present specific, independent evidence corroborating his allegations). Although the appellant declared under penalty of perjury that the agency's offer of modified assignment at the Van Nuys Post Office was not within his medical restrictions "because of my 5-15 pound weight restriction," and the agency denied his requests for reinstatement, IAF, Tab 4 at 21, Tab 6 at 5, the administrative judge properly found the appellant's allegations pro forma, ID at 14; *see Clark*, 123 M.S.P.R. 466, ¶ 8 (stating that a vague, conclusory, or unsupported allegation, such as one that essentially repeats the legal standard, without more, is pro forma and insufficient to satisfy the jurisdictional burden in

---

based on the appellant's alleged October 8, 2015 injury, because there was no evidence that OWCP accepted the claim for compensation. ID at 11 n.10; *see Hamilton*, 123 M.S.P.R. 404, ¶ 14.

a restoration appeal); 5 C.F.R. § 1201.4(s).  The agency's job offers provided that the appellant was not to lift more than "5 lbs. intermittently."  IAF, Tab 5 at 19, 23, 27, 31.  The appellant provided no corroborating evidence below or on review to support his claim that he was or would have been required to lift more weight at the Van Nuys Post Office.

¶15    Further, the administrative judge correctly found that the appellant, as a partially recovered employee, had no right to appeal the details and circumstances of the agency's restoration offer.  ID at 14-15; *Booker v. Merit Systems Protection Board*, 982 F.2d 517, 519 (Fed. Cir. 1992); 5 C.F.R. § 353.304(c).  Thus, the appellant may not appeal the agency's determination that there was no available work in his preferred office, the Van Nuys Passport Office, when the record shows that he had other standing offers of modified assignments. *Paszco v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 10 n.4 (2013) (observing that there is nothing to prevent the agency from assigning a partially recovered employee from one set of modified duties to another).  Finally, the appellant does not specify what improper determinations the administrative judge made regarding the time frame of this appeal, or how such errors affected the outcome of this appeal.  *See Panter*, 22 M.S.P.R. at 282; 5 C.F.R. § 1201.115(a).

The appellant's remaining arguments on review do not provide a reason to disturb the initial decision.

¶16    The appellant claims that the administrative judge failed to review all of his pleadings.  PFR File, Tab 1 at 4.  However, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Moreover, the appellant has not identified any particular argument or evidence that the administrative judge may have overlooked that might have affected the outcome of this appeal.  *See Panter*, 22 M.S.P.R. at 282.

¶17    We also decline to find that it was error for the administrative judge not to consider the appellant's untimely response to the agency's motion to dismiss. PFR File, Tab 1 at 4; IAF, Tab 8 at 2 n.*.  The administrative judge advised the parties that the record on jurisdiction would close on December 7, 2015.  IAF, Tab 2 at 10.  The appellant responded on November 22, 2015, and the agency responded on December 2, 2015.  IAF, Tabs 4-5.  The agency's response was also a motion to dismiss for lack of jurisdiction.  IAF, Tab 5.  The appellant waited until December 9, two days after the record on jurisdiction closed, to respond to the agency's motion.  Therefore, the administrative judge acted within his discretion in declining to consider this response.  Nonetheless, we have reviewed the response and find that it presents no new arguments.  IAF, Tab 6.

¶18    Next, the appellant alleges that the administrative judge "made improper determinations regarding the [a]gency's [f]ailure to provide [him] with his requested discovery."  PFR File, Tab 1 at 5.  An appellant may request discovery of relevant materials to help him meet his burden of establishing the Board's jurisdiction.  *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007).  The Board's regulations reflect an expectation that the parties will start and complete discovery with minimum Board intervention. 5 C.F.R. § 1201.71; *see King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005) (recognizing that a party does not need the Board's approval to engage in discovery, and the Board generally only becomes involved in discovery matters if a party files a motion to compel), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006). Because the appellant did not file a motion to compel below, he is precluded from raising this discovery issue for the first time on review.  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶19    Finally, the appellant argues that the administrative judge erred in not finding discrimination.  PFR File, Tab 1 at 5.  We find that the administrative judge properly determined that the appellant's discrimination claims were

immaterial to the jurisdictional issue because the appellant failed to nonfrivolously allege that the agency denied him restoration to a position within his medical restrictions. ID at 17-18; *see Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 58 (2012) (finding that the Board lacks jurisdiction over disability discrimination and EEO reprisal claims per se absent an otherwise appealable action; however, such claims should be considered to the extent that they pertain to the jurisdictional issue), *modified by regulation on other grounds as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10. We further agree with the administrative judge's finding that the Board lacks jurisdiction over the appellant's discrimination claims absent an otherwise appealable action. ID at 17-19; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that a prohibited personnel practice under 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶20      Accordingly, we conclude that the administrative judge properly dismissed this appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.